IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLES SMITH, JR.                                              PLAINTIFF

VS.                                   CIVIL ACTION NO. 3:19-CV-208-LRA

WARDEN BRIAN LADNER, DEPUTY
WARDEN VIVIAN FRAZER, and
DEPUTY WARDEN JAMES FILLYAW                       DEFENDANTS

## OMNIBUS ORDER

The parties appeared and participated in an omnibus hearing that was conducted via videoconferencing from the Central Mississippi Correctional Facility before the undersigned United States Magistrate Judge on December 3, 2019. Charles Smith, Jr. appeared *pro se*, and attorney Benny McCalip May, Office of the Attorney General, attended the hearing representing the Defendants. The hearing was conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny. It functioned as a scheduling/case management conference, a discovery conference, and a *Spears* hearing. After due consideration of the issues involved in this case and any requests for discovery, the Court does hereby find and order as follows:

1. **JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff has been housed in the custody of the Mississippi Department of Corrections [MDOC] at CMCF,

1

in Pearl, Mississippi, since 2018. At the hearing, the parties consented to the jurisdiction of a United States Magistrate Judge, and, by Order entered on January 22, 2020, District Judge Henry Wingate referred this matter to the undersigned Magistrate Judge for all further proceedings.

Smith's complete allegations are set forth in his Complaint and his supplemental pleadings and were augmented by his testimony at the hearing. His claims are based on the conditions of his confinement at CMCF. Smith contends that he has suffered injuries as the result of prison officials' housing mentally disturbed inmates in the unit for long-term offenders from Smith's arrival in September, 2018, until the present time. Those inmates talk and scream all night. As a result, Smith has suffered sleep deprivation that affects his chronic lymphocytic leukemia.

Smith does not want to be moved from CMCF because he has to be in Jackson periodically for appointments with his oncologist. His proposed remedy is to remove the mentally ill inmates to another facility, where they can receive treatment. Smith submitted a grievance through the Administrative Remedies Program and CMCF, but it was rejected because it purported to be on behalf of other inmates. Smith did not follow up with the second step, because he believed he would get the same result. He claims that the acceptance or rejection of ARP grievances at CMCF is inconsistent.

With regard to the individual Defendants, Smith's claims are as follows: Warden Brian Ladner was the warden when this problem began, although he is not the warden at the present time. Smith testified that he sent Ladner letters and followed up by talking to him, but nothing happened. Warden Vivian Frazer was the deputy warden when this problem began, and she told Smith that inmates would be assigned to clean his area. William Moody was the night shift senior officer. He has not provided cleaning or cleaning supplies; instead, he sleeps in the tower. Subsequent to filing his Complaint, Smith asked that Deputy Warden James Fillyaw and Michelle Jackson be dismissed from this case. Michelle Jackson was dismissed by an Order of Voluntary Dismissal entered on January 22, 2020.

## 2. DISCOVERY ISSUES and PENDING MOTIONS

The Defendants have discovery documents for Smith, which they sent to him, after the hearing, via inmate mail. The Defendants filed a Notice of Service, indicating that they sent Smith a copy of his institutional record (Bates numbered MDOC 1-219), his medical records (Bates numbered MDOC 220-6630), and his ARP documents (Bates numbered MDOC 664-714) [Doc. #23]. Smith submitted his Witness List and his Exhibit List to the Court [Docs. #37, 38]. Smith also filed a letter asking that Tony Howard and "Inmate Charlie" be dismissed, which is, apparently, a request that they be removed from his witness list and replaced by Jerome Mitchell [Doc. #27].

If a trial is conducted in this case, defense counsel shall provide the Court with a certified copy of Plaintiff's MDOC file for use as a general exhibit for all parties at trial.

The discovery matters set forth herein should fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Federal Rules of Civil Procedure 26(b)(1). Other than the discovery mentioned herein, the parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

3. **TRIAL WITNESSES**

Smith originally asked that MDOC inmates**, CORDELLRA MCCALEY, LARRY WALKER, and TONY HOWARD** be brought to testify on his behalf. He later asked that Howard and "inmate Charlie" be taken off the list and replaced by Jerome Mitchell. No inmate numbers were given for any of these inmates. After a search of the MDOC website, the Court believes that the witness list includes **CORDELLRA MCCALEY, # 164032, JEROME MITCHELL, #172542, and LARRY WALKER**. There are three "Larry Walkers" listed on MDOC's website, and two of them are housed at CMCF. If Smith wants this person to testify at trial, he will need to provide his inmate number to the Court. If a trial is conducted in this case, the Court will issue writs of habeas corpus *ad testificandum* for these inmate witnesses to be transported, as long as they are still in MDOC custody at the time of the trial.

Smith has also requested that "Mr. Pittman, counsel at the psych. Dept." and "ARP Investigator Raniece Matthews" be witnesses at any trial conducted. Both of these persons apparently work at CMCF, and Defendants will be directed to attempt to procure their voluntary appearance at trial. If a trial is conducted, Smith may secure the voluntary appearance of any free world witnesses at a trial conducted in this cause. Or, upon the prepayment of witness fees, plus mileage costs, along with the complete address of where the witness may be found, Smith may request the Court to cause a subpoena to be issued for a free world witness. Any request for subpoenas should be made at least 30 days prior to trial, and the Court will direct that the United States Marshal's Service serve any such subpoena.

### 4. **PRETRIAL CONFERENCE, PRETRIAL ORDER, AND TRIAL SETTING**

The Defendants have submitted a Motion to Dismiss for Failure to Exhaust Administrative Remedies [Doc. #19], which the Court will review and rule on shortly. As stated earlier, Smith has filed a Motion to Dismiss [Doc. #26], seeking the dismissal of Michelle Jackson, who has been dismissed. At the omnibus hearing, Smith asked that James Fillyaw also be dismissed. The Court will prepare an Order dismissing Fillyaw, with prejudice.

This conference may stand in lieu of a pretrial conference.

IT IS, THEREFORE, ORDERED:

1. Any motions requesting additional discovery should be filed on or before **February 21, 2020,** and should specify precisely what information is being requested.

2. All dispositive motions should be filed on or before **March 16, 2020**.

SO ORDERED, this the 31st day of January, 2020.

                                  /s/ Linda R. Anderson
                            UNITED STATES MAGISTRATE JUDGE